WHITING'S ADM'R v. CRANDALL *et al.*, *Appellants*.

Hornblower v. Crandall, *ante,* p. 581; *Watson v. Crandall,* *ante,* p. 583, and *Baker's Adm'r v. Crandall; ante,* p. 584, followed and affirmed.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*T. C. Fletcher, R. F. Wingate, J. B. Bowman* and *James O. Broadhead* for appellants.

*Glover & Shepley* and *Edmund T. Allen* for respondent.

RAY, J.—This cause was commenced in the St. Louis circuit court, in the name of Thomas E. Whiting, the original plaintiff. During the progress of the cause the death of Whiting was suggested, the appearance of Martrom D. Lewis, as his administrator, was entered, and, thereafter, upon the appearance and submission of the parties, there was a judgment in favor of the plaintiff against the defendants, from which the defendants Conlogue and McKeen, after motions for new trial and arrest, appealed to the St. Louis court of appeals, where the judgment of the circuit

court was affirmed, from which Conlogue and McKeen have appealed to this court. The opinion of the court of appeals, affirming the judgment of the circuit court appears of record, and speaking of the original plaintiff Whiting, is in the language following, to-wit:

"According to the finding of the referee, the plaintiff in the present cause, in purchasing stock in the Pioneer M. & S. Company, relied upon false representations made by Crandall to a son of Hornblower, the plaintiff in the case of *Hornblower v. Crandall*, as well as upon representations made by Crandall to the elder Hornblower. Through the medium of young Hornblower, the plaintiff Whiting is as directly connected with Crandall and his associates, as are Watson, Reed and Baker in their respective cases, Crandall having in the fall of 1871 sent young Hornblower to Boston to dispose of some of the stock. One hundred shares were thus disposed of to Whiting at $44 a share, the certificates being sent to him and with them a draft drawn to the order of Minshall by Crandall, the proceeds of which, it may be fairly inferred, went into the common fund. All these representations, both those exhibited to the plaintiff through the letters and papers of Crandall, sent to the elder Hornblower as well as young Hornblower's statements, as the referee finds, were made by the defendant Crandall, with the intent that they should be communicated to any person, who by them might be induced to purchase the stock. Among other statements made to the elder Hornblower and communicated to the plaintiff, was one to the effect that the operations of the company in mining, smelting and selling lead, from May 1st, 1871, to December 1st, 1871, had resulted in a net gain or profit of $13,988.50; whereas, as the referee finds, the operations of the company during the period named had not resulted in any profit, but in a loss of $6,387.09. Among false representations, known by Crandall to be such, and made with intent through young Hornblower to deceive, was the statement, communicated through young Hornblower to the plaintiff Whiting, that

for 600 acres of land which the company had bought, it had paid $10,000 in cash from the earnings of the company, which had been made since it had been running; the fact being that it had not earned any cash profit, but had steadily lost money since it had begun its operations. There is, therefore, no essential difference between the present case and that of Hornblower against Crandall, and for the reasons given in the opinion delivered in that case, the judgment of the court below is affirmed. All the judges concur."

Which opinion in the case of *Hornblower v. Crandall*, referred to in the above opinion, is reported at length in 7 Mo. App. 220, to which reference is here had. In addition to the points and authorities considered and disposed of by the court of appeals, in their said opinion, above quoted, and in the said opinion reported in 7 Mo. App., above referred to, and in which opinions, after careful examination, we concur; certain other questions have been presented and discussed, in this court, by the learned counsel, which we deem it proper to notice. These questions have reference to the survival and revival of the present action, upon the death of the original plaintiff Whiting, and as the facts in this case on those points, as far as they go, are in all essential particulars similar in principle to those in the case of *Baker v. Crandall, ante,* p. 584, and therein fully considered and disposed of at length, that case on these points must be taken as conclusive of this. The opinion in that case, it will be seen, affirms said survival and revival.

For the reasons, therefore, given in the opinion of that case, as well as those given in the opinions of the court of appeals, herein cited and approved, the judgment of the court of appeals herein is affirmed. All concur.